UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Callpod, Inc., | |
|     Plaintiff, | |
| v. | Case Number: 06-CV-4961 |
| GN Netcom, Inc., GN Netcom, A/S, GN Store Nord, A/S (a/k/a GN Great Nordic, Ltd.), and Hello Direct, Inc. | Judge Virginia Kendall |
| | **JURY DEMAND** |
|     Defendants. | |

## AMENDED COMPLAINT

Plaintiff, Callpod, Inc., through its attorneys at Forrest Ingram PC, for its Amended Complaint, filed with leave of Court, pursuant to 35 U.S.C. § 1 et seq., against Defendants, GN Netcom, Inc., GN Netcom, A/S, GN Store Nord A/S a/k/a GN Great Nordic, Ltd., and Hello Direct, Inc., states as follows:

### PARTIES

1. Plaintiff **Callpod, Inc**. is an Illinois corporation with its principal place of business at 850 W Jackson Boulevard # 260, Chicago, IL 60607.

2. Defendant **GN Netcom, Inc**. is a Delaware corporation with a principal place of business at 77 Northeastern Boulevard, Nashua, NH 03062. GN Netcom, Inc. also does business at 566 Shoreline Road, Lake Barrington, IL 60010.

3. GN Netcom, Inc. is a wholly owned subsidiary of GN Netcom A/S (see below) and, on information and belief, it manages the United States operations of GN Netcom A/S.

4. On information and belief, GN Netcom, Inc. designs, develops, manufactures, and/or sells for importation into the United States wireless conference calling equipment including GN 9120 and GN 9350. GN Netcom, Inc.'s products are sold through specialty distributors,

retailers, supply houses and dealers, under such brand names as GN Netcom, JABRA, Liberation, UNEX, and ACS.

5. Defendant **Hello Direct, Inc**. is a Delaware corporation with offices at 75 Northeastern Boulevard, Nashua, NH 03062.

6. Hello Direct, Inc. is a wholly owned subsidiary of GN Netcom, Inc. Through its website www.hellodirect.com, Hello Direct, Inc. distributes products of GN Netcom, Inc., and GN Netcom, A/S in the United States.

7. Defendant **GN Netcom A/S** is the 100% owner of GN Netcom, Inc. It is a business entity organized under the laws of Denmark and has its principal place of business at Metalbuen 66, 2750 Ballerup, Denmark. It is a wholly owned subsidiary of GN Store Nord A/S.

8. On information and belief, GN Netcom A/S designs, develops, manufactures, imports into the United States, and/or sells for importation into the United States, wireless conference calling equipment including GN 9120 and GN 9350.

9. Defendant **GN Store Nord A/S** is a Denmark corporation with a principal place of business at Lautrupbjerg 7, PO Box 99, DK-2750 Ballerup, Denmark. It is also known, in some countries, as **GN Great Nordic, Ltd.** but is referred to in this complaint only as GN Store Nord.

10. On information and belief, GN Store Nord A/S is a holding company for GN Netcom, Inc. and GN Netcom A/S, and therefore participates in the design, development, manufacture, importation into the United States, and/or the sale for importation into the United States, wireless conference calling equipment including GN 9120 and GN 9350.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

13. The Court has personal jurisdiction over Defendant GN Netcom, Inc. because it maintains offices in this district and regularly, systematically, and purposefully does business in this district. GN Netcom, Inc. has also waived service and has filed an appearance in this Court, submitting to this Court's jurisdiction.

14. The Court has personal jurisdiction over foreign Defendant GN Netcom A/S because it regularly, systematically, and purposefully does business in the district because its products are sold in this district through its subsidiary GN Netcom, Inc.

15. The Court has personal jurisdiction over Hello Direct, Inc. because it regularly, systematically, and purposefully does business in the district through its website by selling products of GN Netcom, Inc. and GN Netcom A/S throughout the United States.

16. The Court has personal jurisdiction over foreign Defendant GN Store Nord A/S since it is the holding company of GN Netcom A/S, whose wholly owned subsidiary, GN Netcom, Inc., sells its products in this district. Further, on information and belief, proceeds from these sales are funneled into the coffers of GN Store Nord A/S. As such, GN Store Nord A/S regularly, systematically, and purposefully does business in this district.

17. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because GN Netcom, Inc. resides in this district, and because all named defendants have committed acts of patent infringement, infringing upon Plaintiff's patent rights, in this district where, through GN Netcom, Inc., they maintain a regular and established place of business.

**COUNT I: DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 6,801,611**

18.     Plaintiff is the assignee and owner of United States Patent No. 6,801,611 ("the '611 patent"). A true and correct copy of the '611 patent is attached as **Exhibit 1**.

19.     Defendants have directly infringed the '611 patent by making, using, importing, selling, and/or offering to sell products covered by the claims of the '611 patent without Plaintiff's authorization, in violation of 35 U.S.C. § 271(a).

20.     Plaintiff formally notified Defendants of their infringement of the '611 patent on August 14, 2006.

21.     Defendants' continuing infringement of the '611 patent is willful and deliberate.

22.     Defendants' continuing infringement of the '611 patent has caused damage and irreparable harm to Plaintiff and will continue to do so unless this court enjoins Defendants from continuing to violate the '611 patent.

**COUNT II—INDIRECT INFRINGEMENT
OF UNITED STATES PATENT NO. 6,801,611**

23.     Plaintiff is the assignee and owner of United States Patent No. 6,801,611 ("the '611 patent"). A true and correct copy of the '611 patent is attached as **Exhibit 1**.

24.     In the alternative, Defendants have indirectly infringed the '611 patent under 35 U.S.C. § 271(b) or (c).

25.     Plaintiff formally notified Defendants of the infringement of the '611 patent on August 14, 2006.

26.     Defendants' continuing infringement of the '611 patent is willful and deliberate.

27.     Defendants' continuing infringement of the '611 patent has caused damage and irreparable harm to Plaintiff and will continue to do so unless this court enjoins Defendants from continuing to violate the '611 patent.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court find that Defendants have directly and/or indirectly infringed and continue to infringe one or more of the claims of the '611 patent in violation of 35 U.S.C. § 271(a), (b), and/or (c), and that the Court enter judgment in its favor against Defendants as follows:

A.   A preliminary and permanent injunction prohibiting Defendants from infringing the '611 patent by importing or selling in the United States any product or accessory that infringes Plaintiff's '611 patent;

B.   An award of damages sufficient to compensate Plaintiff for the injury caused by Defendants' infringement of the '611 patent;

C.   An award of treble damages under 35 U.S.C. § 284 based on Defendants' willful infringement of the '611 patent;

D.   An assessment of costs, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, and prejudgment interest against Defendants; and

E.   Such other relief as this Court may deem just.

Respectfully Submitted,
Callpod, Inc.

By:  /s/ Forrest L. Ingram
One of its Attorneys

Forrest Ingram, ARDC # 3129032
Peter Berk, ARDC # 6274567
Patrick F. Lambe, ARDC #6289999
Forrest Ingram PC
79 W Monroe Street # 900
Chicago, IL 60603
312-759-2838 (tel.)
312-759-0298 (fax)