IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Callpod, Inc. <br><br> Plaintiff, <br><br> v. <br><br> GN Netcom, Inc., GN Netcom, A/S, GN Store Nord, A/S (a/k/a/ GN Great Nordic, Ltd.), and Hello Direct, Inc., <br><br> Defendants. | Case Number: 06-CV-4961 <br><br> Hon. Virginia Kendall <br><br> Hon. Geraldine Soat Brown |
| AND RELATED ACTIONS | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT, OF INVALIDITY OF THE CLAIMS OF THE '611 PATENT**

**PUBLIC VERSION**

**CONFIDENTIAL MATERIALS REDACTED IN ACCORDANCE WITH STIPULATED PROTECTIVE ORDER ENTERED ON NOVEMBER 15, 2007**

Defendants GN Netcom A/S, GN Netcom, Inc., and Hello Direct, Inc. ("Defendants") respectfully submit this Motion For Summary Judgment Or, In The Alternative, Partial Summary Judgment, Of Invalidity Of The Claims Of The '611 Patent., pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Northern District of Illinois. Defendants submit that there is no question of material fact as to the following matters.

### Background Facts

1. Callpod, Inc. filed this lawsuit on September 15, 2006, alleging that Defendants sell products which directly and indirectly infringe United States Patent No. 6,801,611 ("'611 patent").

2. In June 2009, Callpod informed Defendants that it is asserting claims 9, 10, 11, 12, 18 and 20 of the '611 patent ("Asserted Claims"). Claims 9 and 18 are independent claims. Claims 10-12 are dependent on claim 9, and claim 20 is dependent on claim 18.

### Time of Invention & Person of Ordinary Skill In The Art

3. The time of invention and the priority date is June 30, 2000. The relevant person of ordinary skill in the art includes persons with a 2-year college degree in an engineering discipline with additional experience in an industry that involved the use and operation of certain telephone systems.

### The Invalidating Prior Art

4. In August 1999, GN Netcom publicly offered for sale and sold a DECT-based wireless headset device called the Ellipse. DECT is an international standard that has been known since the 1990s. The standard, including its conferencing function, was publicly published by ETSI, a standard setting body, by 1993. It was known by others in the United States prior to the time of invention of the '611 Patent—June 30, 2000. DECT based protocols have also been in public use in this country in products such as the Siemens Gigaset 2420, a conferencing telephone with multiple handsets that was offered for sale in the United States in 1999.

5. Lucey, a European Patent Application titled "Full Duplex Conferencing System" was published on July 16, 1986.

6. Diethorn, a U.S. Patent titled "Conference Telephone Utilizing Base and Handset Transducers" was filed on March 15, 1999 and issued on November 20, 2001.

7. Pehrsson, U.S. Patent No. 6,615,059 B1, titled "Mobile Terminal Interface," was provisionally filed on January 27, 1999, and issued on September 2, 2003.

8.  Adachi, Japanese patent number JP8223305, was published on August 30, 1996. It is titled "Voice Conference Apparatus."

9.  Hall, United States Patent No. 5,787,180, titled "Method of Connecting a Scrambler or Encryption Device to a Handheld Portable Cellular Telephone," issued on July 28, 1998.

10. Jacobson, United States Patent No. 4,160,122, is titled "Telephone Ear Amplifier." Jacobson was published and issued on July 3, 1979.

### The Invalidating Combinations of Prior Art

11. Defendants' Ellipse in combination with the publically known DECT standard and its conferencing function would render the Asserted Claims obvious under Callpod's theories. 35 U.S.C. § 103(a); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419 (2007) citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966).

12. REDACTED

13. Lucey in combination with Diethorn and Hall or Lucey in combination with Diethorn and Jacobson renders the Asserted Claims obvious following the Court's constructions.

14. The Patent Office held that "it would have been obvious to one of ordinary skill of the art to modify Lucey with the connecting step taught by Diethorn. This modification would allow the user of a call pod to be mobile as suggested by both Lucey and Diethorn." The inventors did not challenge the Patent Office's findings regarding Lucey and Diethorn after the October 2003 Office Action.

15. Jacobson teaches how the accessory amplifier "automatically is turned on only for the duration of the call" by a bias current for a microphone. The accessory disclosed by Jacobson unit turns on and off in response to a "dc bias voltage supplied from the line to the microphone"––a microphone bias current—from the telephone.

16. Hall discloses and teaches a sense circuit that detects microphone bias from a phone circuit to power-on or off an accessory for cellular phones. The abstract of Hall also teaches that the "connection points" for the device can include the "microphone input and speaker output of the cellular phone," and the patent also teaches that the device can be a "universal, after-market, add-on."

17.     Adachi plus Hall or Jacobson  also would render the Asserted Claims obvious.  Adachi discloses a call pod.  Adachi further discloses a two-way voice path.  Adachi further teaches operably connecting the call pod to a telephone circuit.

18.     The motivation to combine the teachings of Jacobson or Hall with those of Lucey and Diethorn or Adachi are the same as the purported benefits of the '611 Patent.   REDACTED

The '611 Patent's specification also says that one benefit of a sense circuit is eliminating the need for a manual power switch.

19.     Jacobson and Hall similarly teach that detecting and using microphone bias current avoids the need for a switch and conserves power.

### Secondary Considerations Regarding Obviousness

20.     Secondary considerations favor a finding of obviousness.

REDACTED

There is no evidence of any praise attributable to a conferencing device with a microphone bias current sense circuit that turns on and off the device.  There is no evidence Defendants copied the '611 patent.

### CONCLUSION

21.     For the foregoing reasons, which are more fully explained in the accompanying Memorandum of Law in support of this Motion, judgment of invalidity grounds of obviousness of the Asserted Claims of the '611 patent should be granted in favor of Defendants, or in the alternative, an judgment of partial summary judgment on issues raised by this motion.

    WHEREFORE, Defendants respectfully request that this Court enter an order granting summary judgment of invalidity on grounds of obviousness of the Asserted Claims of U.S. Patent No. 6,801,611 in favor of Defendants, or in the alternative enter an order granting partial summary judgment on issues raised by this motion.

//
//
//
//
//
//

Date: August 28, 2009										Respectfully submitted,

/s/ Monty Agarwal
Monty Agarwal (#191568)
Aaron Schur (#229566)
**ARNOLD & PORTER LLP**
275 Battery Street, Suite 2700
San Francisco, CA 94111
Tel: (415) 356-3000; Fax: (415) 356-3099
Monty.Agarwal@aporter.com
Aaron.Schur@aporter.com

Counsel for Defendants GN Netcom, Inc.,
GN Netcom A/S, and Hello Direct, Inc.

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 28, 2009, a true and correct copy of the confidential version of **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT, OF INVALIDITY OF THE CLAIMS OF THE '611 PATENT** was sent via overnight courier and properly addressed to the following:

Michael A. Parks
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL  60654
312-862-2000 (Telephone)
312-862-2200 (Facsimile)
michael.parks@kirkland.com

Date:  August 28, 2009

/s/Monty Agarwal
Monty Agarwal (#191568)
Aaron Schur (#229566)
**Arnold & Porter LLP**
275 Battery Street, Suite 2700
San Francisco, CA 94111
Tel: (415) 356-3000
Fax: (415) 356-3099
Monty.Agarwal@aporter.com
Aaron.Schur@aporter.com

Counsel for Defendants GN Netcom A/S, GN Netcom, Inc. & Hello Direct, Inc.