# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4961 | **DATE** | 3/31/2010 |
| **CASE TITLE** | CALLPOD INC vs. GN NETCOM INC et al | | |

**DOCKET ENTRY TEXT**

Defendants' emergency motion to correct manifest error in amended judgment and to re-open this case is granted. The Court amends the amended judgment to remove the final sentence reading: "This action is dismissed in its entirety." The case is re-opened for proceedings on defendants' counterclaim of invalidity. Plaintiff's notice of appeal is therefore premature. Status hearing is set for April 14, 2010 at 9:00 am.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendants GN Netcom, Inc., GN Netcom A/S, and Hello Direct, Inc. (collectively "Defendants") move to correct the Amended Judgment entered in this Action on March 30, 2010 and to re-open this case.

Defendants correctly assert that the portion of the Amended Judgment dismissing the action in its entirety was in error, because Defendants have properly filed counterclaims seeking a declaratory judgment of invalidity of the '611 patent. (*See* Dkt. Entries 23, 53, 56.) Judgments of non-infringement are not dispositive of counterclaims for invalidity. *See Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330-31 (Fed. Cir. 2007) (appeal could not be brought from summary judgment of non-infringement where defendants had not dismissed outstanding counterclaims).

Federal Rule of Civil Procedure 60(a) allowed the Court to correct clerical errors in a judgment or order, but provides that "such a mistake may be corrected only with the appellate court's leave" once an appeal has been docketed in the appellate court. Here, Callpod filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit less than five hours after the entry of the Amended Judgment. However, that appeal has not yet been docketed in the Federal Circuit and this Court may therefore act to correct the error in the Amended Judgment without leave of that Court. This is true notwithstanding the fact that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Court is not acting to amend or correct the March 29, 2010 Order granting summary judgment to Defendants on their claim of non-infringement and denying summary judgment on the counterclaim of invalidity; rather, the Court is correcting the clerical error in the text of the Amended Judgment which, in conflict with the Order, purported to terminate this action in its entirety.

The Court amends the Amended Judgment to remove the final sentence reading: "This action is dismissed

**STATEMENT**

in its entirety." The case is re-opened for proceedings on Defendants' counterclaim of invalidity. Callpod's Notice of Appeal is therefore premature.