### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CALLPOD, INC.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case Number:  06-CV-4961** |
| | ) | |
| **v.** | ) | **DISTRICT JUDGE VIRGINIA M. KENDALL** |
| | ) | |
| **GN NETCOM, INC., GN NETCOM, A/S,** | ) | |
| **AND HELLO DIRECT, INC.,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### PLAINTIFF CALLPOD, INC.'S MOTION TO DISMISS
### DEFENDANTS' INVALIDITY COUNTERCLAIM WITHOUT PREJUDICE
### OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT UNDER RULE 54(B)

On March 30, 2010, this Court granted summary judgment of non-infringement, resolving all remaining claims between the parties with the exception of Defendants' counterclaim for a declaratory judgment that the asserted claims (claims 9-12, 18, and 20) of the '611 patent are invalid as obvious.  (D.I. 26 ¶¶ 10-12; D.I. 275 at 9.)  When the Court corrected its judgment to reflect that Defendants' invalidity counterclaim remained pending, it "re-opened proceedings" on that counterclaim.  (D.I. 337.)[1]  This Court held a status conference on May 26, 2010 and set a briefing schedule for this motion at that conference.  (D.I. 343.)[2]  Callpod now respectfully moves this Court for an order dismissing Defendants' invalidity counterclaim

---

[1]      Prior to this Court's entry of its amended judgment, Callpod had filed a notice of appeal.  (D.I. 334.)  Once the appeal was docketed at the Federal Circuit, Callpod filed an unopposed motion to dismiss the appeal on April 19, 2010, and the Federal Circuit granted that motion on April 21, 2010.

[2]      This Court held the status conference for a report on settlement.  (D.I. 341.)  The parties continue to explore whether this case can be resolved by settlement, and Callpod sent its latest settlement proposal to Defendants on May 26, 2010.

without prejudice, or alternatively, for entry of judgment as to Callpod's infringement claim under Federal Rule of Civil Procedure 54(b).

## ARGUMENT

When a district court grants summary judgment of non-infringement but a counterclaim remains pending, the district court can take three possible courses of action to allow the parties to appeal to the Federal Circuit as a matter of right: (1) the court can dismiss the counterclaim without prejudice; (2) the court can enter a judgment under Federal Rule of Civil Procedure 54(b) on fewer than all claims following "an express determination that there is no just reason for delay"; or (3) the court can proceed to trial on the counterclaim. *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1350-51 (Fed. Cir. 2003).[3]  In this case, Callpod respectfully requests that this Court dismiss Defendants' remaining counterclaim without prejudice or, alternatively, enter judgment on Callpod's infringement claim under Federal Rule of Civil Procedure 54(b) because proceeding to trial on Defendants' counterclaim at this stage of the litigation would unnecessarily waste this Court's and the parties' resources.

**I.      This Court Should Dismiss Defendants' Invalidity Counterclaim Without Prejudice.**

The Federal Circuit has held that a district court has discretion to dismiss an invalidity counterclaim "where it finds no infringement."  *Nystrom*, 339 F.3d at 1351 & n.* (quoting *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998)).  District courts routinely exercise that discretion.  *See, e.g., Von Holdt v. A-1 Tool Corp.*, No. 04 C 4123, 2010 WL 1980101, at *9 (N.D. Ill. May 17, 2010) (dismissing defendants' counterclaims without prejudice where the court had granted summary judgment in favor of defendants on plaintiff's

---

[3]      The district court may also, as a fourth possible avenue, certify an interlocutory appeal under 28 U.S.C. § 1292(b), (c)(1).  Acceptance of such an appeal, however, is subject to the absolute discretion of the Federal Circuit which has stated that "[s]uch appeals are rarely granted." *Nystrom*, 339 F.3d at 1351.

patent infringement claim); *American Piledriving Equipment, Inc. v. Geoquip, Inc.*, No. 2:08cv547, 2010 WL 1009716, at *9 (E.D. Va. Mar. 10, 2010) (dismissing an invalidity counterclaim in light of its grant of summary judgment of non-infringement); *Kim v. Dawn Food Prods., Inc.*, No. 01 C 1906, 2004 WL 2658068, at *8 (N.D. Ill. Oct. 13, 2004) (same).  In this case, this Court should exercise its discretion to dismiss Defendants' invalidity counterclaim without prejudice.

Defendants' counterclaim seeks a declaratory judgment that the asserted claims of the '611 patent are invalid as obvious.  (D.I. 26 ¶¶ 10-12; D.I. 275 at 9.)  Because the '611 patent is presumed valid, Defendants will have the burden to prove invalidity by clear and convincing evidence at trial.  *See, e.g., Eisai Co. v. Dr. Reddy's Labs., Ltd.*, 533 F.3d 1353, 1356 (Fed. Cir. 2008).  Obviousness is a question of law based on underlying factual issues including: (1) "the scope and content of the prior art"; (2) the level of ordinary skill in the field of the invention; (3) the differences between the claimed invention and the prior art; and (4) secondary, objective considerations of nonobviousness including long-felt need, commercial success, the failure of others, or unexpected results.  *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

Defendants moved for summary judgment of invalidity, arguing that various prior art references showed that the asserted claims of the '611 patent would have been obvious at the time of the invention.  (*See* D.I. 275.)  This Court, however, denied Defendants' motion, finding that disputed issues of material fact remained as to "the scope and content of the prior art and the differences between the prior art and the claims of the patent."  (D.I. 331 at 26.)  If the Court were to fully adjudicate that counterclaim, those disputed issues of material fact would need to be resolved at a multi-day, jury trial.  (D.I. 331 at 22 (noting that the disputed factual issues, such as whether the Hall and Jacobson references "are reasonably related to the problem to be solved

or are within the same field of endeavor are issues of fact best left to a jury").) Such a trial would expend considerable resources of this Court and the parties because it would require live testimony of several fact and expert witnesses.

Further, the issues likely to be raised on appeal (claim construction and non-infringement) will directly affect the validity determination at trial. Specifically, appeal of this Court's claim construction could affect the analysis of the differences between the prior art and the asserted claims of the '611 patent. Likewise, appeal of this Court's non-infringement determination could affect the analysis of commercial success as a secondary factor of non-obviousness. (D.I. 331 at 26 (finding that commercial success of the accused products "does not factor into an obviousness analysis" based on this Court's determination that the accused products "do not infringe the patent").) The disputed factual issues as to validity are best decided, if necessary, following appeal once claim construction and infringement have been passed upon by the Federal Circuit. This Court should exercise its discretion to dismiss Defendants' invalidity counterclaim without prejudice.

## II.     Alternatively, This Court Should Enter Judgment As To Callpod's Claim for Infringement Under Rule 54(b).

The Federal Circuit has stated that, when a district court has adjudicated the patentee's infringement claim but a counterclaim still remains pending, a district court can enter a judgment under Federal Rule of Civil Procedure 54(b) on fewer than all claims following "an express determination that there is no just reason for delay." *Nystrom*, 339 F.3d at 1351. Rule 54(b) states in relevant part: "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim-- . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims [] only if the court expressly determines that there is no just reason for delay." In this case, this Court has finally adjudicated Callpod's

claim for infringement, and there is no just reason to delay an appeal as to that claim.  Thus, this Court should enter judgment under Rule 54(b).

Prior to entry of a judgment under Rule 54(b) as to a claim, a district must engage in a two-step process: it must determine that (1) it has made a final judgment as to that claim and (2) there is no just reason for delay.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). As to the first step, a judgment is final when it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 7.  In this case, this Court has entered an ultimate disposition (*i.e.*, summary judgment in favor of Defendants) as to Callpod's infringement claim (D.I. 331).  *See Curtiss-Wright Corp.*, 446 U.S. at 9 ("The mere presence of [nonfrivolous counterclaims], however, does not render a Rule 54(b) certification inappropriate."); *ImageCube LLC v. Boeing Co.*, No. 04-cv-7587, 2010 WL 331723, at * 3 (N.D. Ill. Jan. 22, 2010) (holding that summary judgment of non-infringement was final for purposes of Rule 54(b) certification and rejecting defendants' argument that un-adjudicated defenses precluded a Rule 54(b) judgment).

As to the second step, in deciding whether there is no just reason to delay the appeal of a final judgment of an individual claim, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. Factors that may be considered include "whether the claims under review [are] separable from the others remaining to be adjudicated[,] whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals[,]" and whether "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Id.* at 8 & n.2.

Here, there is no just reason to delay the appeal of the final adjudication of Callpod's infringement claim. In *ImageCube*, another court in this district recently entered a judgment under Rule 54(b) after finding no just reason to delay an appeal of its grant of summary judgment of non-infringement. 2010 WL 331723, at *5. [4] The court based this determination on its findings that (1) the invalidity counterclaim was separable from the infringement claim sought to be appealed because the counterclaim "focus[ed] largely on prior art"; [5] (2) any determination by the Federal Circuit on appeal as to claim construction would "inform the litigation of the counterclaims following the disposition of the appeal" because claims are construed the same way for infringement and validity; (3) an immediate appeal would narrow (or potentially resolve) the remaining issues and it was unlikely that the appellate court would have to decide the same issues more than once in subsequent appeals promoting "judicial administrative interests as well as the equities involved"; and (4) the outcome of an immediate appeal could affect whether the remaining claims were litigated or settled. *Id.* at *3-4. Based on these findings, the district court entered a Rule 54(b) judgment and stayed the remaining counterclaims pending the disposition of the appeal. *Id.* at *5.

Similarly, in this case, Defendants' invalidity counterclaim focuses primarily on prior art. Indeed, in denying summary judgment, this Court found that disputed issues of material fact

---

[4]    In *ImageCube*, the court noted that whether the law of the regional circuit (the Seventh) or the Federal Circuit's law applies to a Rule 54(b) motion is unclear. *ImageCube*, 2010 331723, at *1 n.2. Nevertheless, the court found that there was "no appreciable difference in approach" in the law of the Federal and Seventh Circuits and considered case law from both. *Id.*

[5]    The Seventh Circuit has held that claims can be separate for Rule 54(b) purposes, even if they have factual overlap or arise from the same event or occurrence, "if they rely on entirely different legal entitlements yielding separate recoveries, rather than different legal theories aimed at the same recovery." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008). In this case, Defendants' invalidity counterclaim relies on a different legal entitlement for a separate recovery. While Callpod's infringement claim sought damages for Defendants' infringement of the asserted claims of Callpod's '611 patent, Defendants' invalidity counterclaim seeks a declaratory judgment that the asserted claims of that patent are invalid, a completely separate recovery based on a completely separate legal theory.

remained as to the scope and content of that art. (D.I. 331 at 22-24.) Further, as in *ImageCube* and as discussed above, any determination on appeal as to claim construction would inform any subsequent litigation of Defendants' invalidity counterclaim. Allowing an immediate appeal on infringement here would not require the appellate court to decide the same issues more than once in a subsequent appeal because any claim construction issues decided by the Federal Circuit on immediate appeal would control in subsequent litigation and appeal. Moreover, while the Federal Circuit's analysis of infringement might affect the obviousness analysis (*e.g.*, the secondary consideration of commercial success (D.I. 331 at 26)), review of invalidity in a subsequent appeal would not implicate any previously-decided infringement issues. And a final resolution as to the parties' claim construction and infringement disputes could make settlement of any remaining claims more likely.

Because this Court's judgment as to Callpod's infringement claim is final and there is no just reason to delay an immediate appeal of that claim, this Court should enter judgment on it under Rule 54(b) and stay further proceedings as to Defendants' invalidity counterclaim pending appeal.

## CONCLUSION

For all of the above reasons, Callpod respectfully requests that this Court dismiss Defendants' invalidity counterclaim without prejudice and enter a final judgment in this case. Alternatively, Callpod respectfully requests that this Court enter judgment under Rule 54(b), finding that no just reason exists to delay an appeal as to Callpod's infringement claim, and stay further proceedings as to Defendants' invalidity counterclaim pending appeal.

Dated:   June 9, 2010                          Respectfully submitted,

                                       By:   */s/ Jessica C. Kaiser*
                                             Russell E. Levine, P.C. (#6193834)
                                             **KIRKLAND & ELLIS LLP**
                                             300 North LaSalle
                                             Chicago, Illinois  60654
                                             312.862.2000 (Telephone)
                                             312.862.2200 (Facsimile)
                                             russell.levine@kirkland.com

                                             Jessica C. Kaiser (#6286530)
                                             **KIRKLAND & ELLIS LLP**
                                             655 15th Street, N.W.
                                             Washington, DC  20005
                                             202.879.5000 (Telephone)
                                             202.879.5200 (Facsimile)
                                             jessica.kaiser@kirkland.com

                                             ***Counsel for Plaintiff Callpod, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 9, 2010**, a true and correct copy of the foregoing document,

**PLAINTIFF CALLPOD, INC.'S MOTION TO DISMISS DEFENDANTS' INVALIDITY**

**COUNTERCLAIM WITHOUT PREJUDICE OR, ALTERNATIVELY, FOR ENTRY OF**

**JUDGMENT UNDER RULE 54(B)**, was electronically filed with the Court using the CM/ECF

system which sent notification of such filing to the counsel of record identified below.   All

documents required to be served by Fed.R.Civ.P. 5(a) have been served.

| | |
|---|---|
| Monty Agarwal, Esq. | Terrence Patrick Canade |
| Aaron Schur, Esq. | **LOCKE LORD BISSELL & BROOK** |
| **ARNOLD AND PORTER** | 111 S. Wacker Drive |
| 275 Battery Street, 27th Floor | Chicago, IL  60606 |
| San Francisco, CA 94111-3305 | tcanade@lockelord.com |
| Monty.Agarwal@aporter.com | |
| Aaron.Schur@aporter.com | |

Dated:   **June 9, 2010**                    */s/ Jessica C. Kaiser*
                                             Jessica C. Kaiser (#6286530)
                                             **KIRKLAND & ELLIS LLP**
                                             655 15th Street, N.W.
                                             Washington, DC  20005
                                             202.879.5000 (Telephone)
                                             202.879.5200 (Facsimile)
                                             jessica.kaiser@kirkland.com

                                             *Counsel for Plaintiff Callpod, Inc.*