**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CALLPOD, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> GN NETCOM, INC., GN NETCOM, A/S, AND HELLO DIRECT, INC., <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case Number:  06-CV-4961

DISTRICT JUDGE VIRGINIA M. KENDALL

**REPLY IN FURTHER SUPPORT OF PLAINTIFF CALLPOD, INC.'S MOTION TO
DISMISS DEFENDANTS' INVALIDITY COUNTERCLAIM WITHOUT PREJUDICE
OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT UNDER RULE 54(B)**

Defendants agree that this Court should not conduct further proceedings on their invalidity counterclaim pending appeal.  Instead, their "opposition" argues their preference for one of the two ways that this Court can enter judgment on Callpod's infringement claim. Because either way is appropriate in this case, Callpod respectfully requests that this Court (1) find that there is no just reason to delay an appeal as to Callpod's infringement claim, enter judgment under Rule 54(b) on that claim, and stay proceedings as to Defendants' invalidity counterclaim, or alternatively, (2) dismiss Defendants' counterclaim without prejudice and enter a final judgment in this case.

Additionally, in their "opposition," Defendants raise an issue not implicated by Callpod's motion, namely, how this Court should handle Defendants' yet-to-be-filed motion under 35 U.S.C. § 285 to declare the case exceptional in order for Defendants to then seek an award of attorneys' fees.  Specifically, Defendants ask that this Court delay entry of judgment under

Federal Rule of Civil Procedure 58(e).  But the plain language of that rule demonstrates that it is inapplicable prior to the filing of a timely motion for attorneys' fees under Rule 54(d)(2).  Thus, Callpod respectfully asks that this Court deny Defendants' request as premature, and enter judgment without delay.

Finally, this Court should stay further proceedings on any motion under Section 285 pending appeal of Callpod's infringement claim because deciding the Section 285 issues now would unnecessarily waste this Court's and the parties' resources.  Should this Court decline to stay Section 285 proceedings, however, this Court should reject Defendants' proposed schedule which flip flops the proper Section 285 analysis.  Indeed, Defendants' proposed procedure would consider the amount of fees before this Court determines whether this case is exceptional, and thus whether fees are potentially available.  Instead, if any briefing is to be done at this time, and again, Callpod contends that such briefing should wait until after appeal, this Court should enter Callpod's proposed briefing schedule limited to whether this case is exceptional, the first step in the Section 285 analysis.

## ARGUMENT

**I.      This Court Can Either Enter a Rule 54(b) Judgment on Callpod's Infringement Claim or Dismiss the Invalidity Counterclaim Without Prejudice.**

In their response, Defendants agree that this Court should not conduct further proceedings on their invalidity counterclaim, and do not dispute that this Court has two options that would allow appeal as to Callpod's infringement claim: (1) entry of judgment on Callpod's infringement claim under Rule 54(b) or (2) dismissal without prejudice of Defendants' invalidity counterclaim.  Defendants advocate the first option, but for the reasons discussed below, either option is appropriate, and Defendants' objections to dismissal without prejudice are unfounded.

**A.      Defendants Agree That This Court Should Enter Judgment of Callpod's Infringement Claim Under Rule 54(b) and Stay Proceedings on Defendants' Counterclaim.**

Of the two options, Defendants argue that this Court should enter judgment on Callpod's infringement claim under Rule 54(b) and stay further proceedings as to Defendants' invalidity counterclaim pending appeal.  (D.I. 348 at 3.)  As discussed in Callpod's motion, this Court should enter such a judgment with an express determination that there is no just reason for delay. (D.I. 344 at 4-6.)  In this case, there is no just reason for delay because (1) Defendants' invalidity counterclaim focuses primarily on prior art, (2) any determination on appeal as to claim construction would inform any subsequent litigation of Defendants' invalidity counterclaim, (3) allowing an immediate appeal on infringement here would not require the appellate court to decide the same issues more than once in a subsequent appeal, and (4) a final resolution as to the parties' claim construction and infringement disputes could make settlement of any remaining claims more likely.  (*Id.* (citing *ImageCube LLC v. Boeing Co.*, No. 04-cv-7587, 2010 WL 331723, at *3-5 (N.D. Ill. Jan. 22, 2010)).)

Thus, this Court should enter judgment on Callpod's infringement claim under Rule 54(b) with an express determination that there is no just reason for delay and stay further proceedings as to Defendants' invalidity counterclaim pending appeal.

**B.      Alternatively, This Court Has Discretion to Dismiss Defendants' Invalidity Counterclaim Without Prejudice.**

As an alternative, this Court has discretion to dismiss Defendant's counterclaim without prejudice.  *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1350-51 (Fed. Cir. 2003).  As discussed below, Defendants' arguments that this Court should not exercise that discretion in this case are without merit.

*First*, Defendants argue that this Court should not dismiss their invalidity counterclaim without prejudice because if they are successful on appeal, they may choose to pursue litigate the validity of the unasserted claims of the '611 patent.   But Defendants limited their invalidity counterclaim to the ***asserted*** claims of the '611 patent, as Defendants' own footnote in their opposition brief makes plain.   (D.I. 348 at 2 n.1 (citing D.I. 26 ¶¶ 11-12) ("Each and every ***asserted*** claims of the '611 patent is invalid . . . GN Netcom, Inc. is entitled to a declaratory judgment that each and every ***asserted*** claim of the '611 patent is invalid.") (emphasis added).) Consistent with that understanding, Defendants' expert limited his opinions to the asserted claims of the '611 patent at the time of his report (Ex. 1, Lansford Invalidity Report (Redacted) at 5), and Defendants moved for summary judgment of invalidity only as to the asserted claims at the time of that motion (D.I. 275 at 9).

Because Defendants limited their invalidity counterclaim to the ***asserted*** claims, they cannot litigate the validity of the unasserted claims of the '611 patent following appeal, and Defendants' unfounded assertion to the contrary does not counsel against this Court exercising its discretion to dismiss their counterclaim without prejudice.

*Second*, Defendants argue that if Callpod is successful on appeal, dismissal without prejudice of their counterclaim would cause Defendants to "incur the time and expense of re-filing and re-litigating" that counterclaim following appeal.   (D.I. 348 at 2.)   But on remand, the time and expense necessary to re-instate Defendants' counterclaim would be no different than the time and expense necessary to lift the stay of that counterclaim.   In either case, Defendants need only ask this Court to do so.[1]   Thus, Defendants would not be prejudiced by dismissal without prejudice.

---

[1]     Defendants' claim that it would have to re-litigate its counterclaim because of "possible attempts by Plaintiff to re-open discovery and motion practice" (D.I. 348 at 2) is similarly unjustified.  If Callpod is successful

*Third*, Defendants assert that the reasons for dismissal without prejudice equally favor a stay of the counterclaim and fault Callpod for not explaining why dismissal without prejudice is preferable.  (D.I. 348 at 1, 2-3.)  In its motion, Callpod presented both options because either is appropriate in this case.  This Court, however, may prefer dismissal without prejudice because it would allow the Court to enter a final judgment and close this case.

*Finally*, Defendants argue that none of the cases cited by Callpod in its motion "involve a situation where the court dismissed a defendants' invalidity counterclaim over the defendant's objection."  (D.I. 348 at 3.)  But Defendants cite no authority suggesting that an accused infringer's mere objection to dismissal without prejudice somehow affects the analysis.  *See, e.g., Mangosoft, Inc. v. Oracle Corp.*, 482 F. Supp. 2d 179, 180 (D.N.H. 2007) (granting a motion to dismiss a counterclaim without prejudice over defendant's objection).

In sum, this Court has discretion to dismiss Defendants' counterclaim.  Thus, alternatively, Callpod respectfully requests that this Court exercise that discretion if it finds dismissal without prejudice preferable to entry of a Rule 54(b) judgment.

## II.    This Court Should Deny as Premature Defendants' Request to Delay Finality of the Judgment and Should Instead Stay Until After Appeal Consideration of Whether this Case is Exceptional and If So, Whether and in What Amount to Award Attorneys' Fees.

In its opposition to Callpod's motion, Defendants state that they plan to file a motion for attorneys' fees based on 35 U.S.C. § 285 (D.I. 348 at 4), an issue not implicated by Callpod's motion because this Court retains jurisdiction to decide such a motion following entry of a judgment on the merits.  *See, e.g., Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988).  Section 285 states that the district court "in exceptional cases may award reasonable

---

on appeal, further proceedings on Defendants' counterclaim would depend entirely on the scope of the Federal Circuit's remand.  Thus, whether the counterclaim is stayed or dismissed without prejudice would have no bearing on how the counterclaim proceeds following appeal.

attorney fees to the prevailing party." The Federal Circuit has held that determination of whether to award fees under Section 285 is a two-step process: "(1) the district court must determine whether there is clear and convincing evidence that a case is exceptional," and (2) "if so, the district court must then determine in its discretion whether an award of attorney fees is justified." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1372-73 (Fed. Cir. 2009).

Based on its intention to file a Section 285 motion, Defendants ask this Court to suspend the finality of the judgment that Defendants agree this Court should enter. Federal Rule of Civil Procedure 58(e), which Defendants cite as support for suspending finality, however, does not apply until they have filed a timely motion for attorneys' fees under Rule 54(d)(2), and thus Defendants' request is premature.

In addition, Defendants suggest that delaying entry of judgment and adjudicating attorneys' fees now will promote judicial efficiency. In fact, the opposite is true. Because the issues of claim construction and infringement will be raised on appeal in this case, judicial economy is better served by staying any determination of whether the case is exceptional, and if so, whether to award attorneys' fees, until after the issues on appeal are resolved. Thus, Callpod respectfully asks this Court to deny Defendants' request to suspend finality of the judgment pending resolution of their not-yet-filed motion under Section 285. Instead, Callpod respectfully requests that this Court stay consideration of Section 285 issues pending appeal.

### A.    Defendants' Request Under Rule 58(e) To Delay Entry of Judgment Is Premature.

In their opposition to Callpod's motion, Defendants request that this Court suspend the finality of its judgment pursuant to Federal Rule of Civil Procedure 58(e) pending the Court's resolution of Defendants' not-yet-filed Section 285 motion. Because that Rule requires a timely

filed motion for attorney's fees as a prerequisite to suspension of finality, Defendants' request is premature, and this Court should deny it.

Defendants omit the first sentence from their recitation of Rule 58(e), which states "[o]rdinarily, the entry of judgment *may not be delayed*, nor the time for appeal extended, in order to tax costs or award fees."  Fed. R. Civ. P. 58(e) (emphasis added).[2]  Rule 58(e) then recites an exception to that general rule: "But *if a timely motion for attorney's fees is made* under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59."  *Id.* (emphasis added).  Thus, under the plain language of Rule 58(e), a timely motion for attorneys' fees is a prerequisite to the Court ordering such a motion to have the same effect as a Rule 59 motion.[3]  In this case, Defendants have not yet made a Section 285 motion requesting attorneys' fees, and Rule 58(e) is inapplicable until they have done so.  Therefore, this Court should reject Defendants' request to apply that rule as premature.

---

[2]      Defendants claim that they are requesting a "short delay."  (D.I. 348 at 5.)  But Defendants' proposed schedule requires three months before Defendants even file their Section 285 motion.  (*Id.*)  After those three months have passed, Defendants' motion would need to be fully briefed, and this Court would need to consider and rule on that motion.  Thus, Defendants' requested delay would likely be significantly longer than three months under their proposed schedule.

[3]      None of the authorities Defendants cite is to the contrary.  *Fincher v. Prudential Prop. & Cas. Ins. Co.*, Nos. 08-1109, 08-1159, 2010 WL 1544361, at *3 (10th Cir. Apr. 20, 2010) (holding that the district court had delayed entry of judgment by stating that it would direct entry of judgment following resolution of the attorneys' fees motion even though the district court did not specifically mention Rule 58); 10 Moore's Federal Practice § 54.153[2] ("Rule 58 permits the district court to suspend the finality of the merits judgment *upon the filing of a timely motion for attorney's fees* under Rule 54(d)(2).") (emphasis added); 12 Moore's Federal Practice § 58.04[4] ("*If a party files a timely motion for attorney's fees* under Rule 54(d)(2), and no notice of appeal has yet been filed or has become effective, the court may order that the motion have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59.") (emphasis added).

**B.     Even if Defendants' Request Were Not Premature, Judicial Efficiency Supports Staying Proceedings on Section 285 Until After Appeal.**

Defendants argue that judicial efficiency is served by deciding their not-yet-filed Section 285 motion prior to appeal.  But in fact, judicial efficiency would be best served in this case by waiting to resolve that motion until after the Federal Circuit passes on the issues of claim construction and infringement likely to be raised on appeal.  Thus, Callpod respectfully requests that this Court stay proceedings on Section 285 pending appeal.

The Advisory Notes to Rule 58 state in relevant part: "[I]f the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved."  Notes of Advisory Committee on 1993 Amendments to Rule 58.  Defendants acknowledge that the "determination of whether attorneys fees are appropriate will be inextricably tied to the issues raised in the summary judgment decision on non-infringement."  (D.I. 348 at 4.)  Thus, Defendants' not-yet-filed Section 285 motion will involve issues that are likely to be considered by the Federal Circuit on appeal, and the Federal Circuit's decision on those issues could affect this Court's determination of whether this case is exceptional or in its discretion an award of fees is justified. *See Astrazeneca AB v. Mutual Pharm. Co., Inc.*, No. Civ. A. 00-4731, 2003 WL 22794868, at *2 (E.D. Pa. Nov. 12, 2003) (holding that because the district court's "determination of whether this is an exceptional case will depend, in part, on the outcome of the appeal that is likely in this case, it is within [the district court's] discretion to stay the issue of attorney's fees until such appeals are complete").

Litigating Defendants' motion under Section 285 will require significant resources of this Court and the parties.  First, the parties would need to brief, and this Court would need to

8

determine, whether this case is exceptional.[4]  Should this Court find the case exceptional and determine in its discretion that some award of fees is justified, the parties would then need to brief, and the Court would need to resolve, disputes as to the propriety of Defendants' requested fees.[5]  Since the Federal Circuit's decision on appeal could materially affect this Court's Section 285 analysis, this Court should conserve its and the parties' resources by waiting to resolve those issues until after appeal of the non-infringement determination.   Thus, Callpod respectfully requests that this Court stay pending appeal proceedings on the Section 285 motion that Defendants intend to file.

III.    **If This Court Decides Not to Stay Proceedings on Defendants' Intended Section 285 Motion, This Court Should Set a Briefing Schedule Limited to the Issue of Whether this Case is Exceptional.**

In their opposition, Defendants propose a schedule for their Section 285 motion that requires the parties to confer and exchange information pursuant to Local Rule 54.3 following this Court's order on the present motion, culminating in Defendants filing their Section 285 motion 91 days after that order.  (D.I. 348 at 5.)  The information exchanged under Local Rule 54.3 includes both parties' time and work records, hourly rates, and expenses.  L.R. 54.3(d)(1)-(5).  If this Court does not stay consideration of Defendants' Section 285 motion, this Court should reject Defendants' proposed schedule because it requires to parties to expend considerable resources reviewing years of billing records before this Court has even considered whether this case is exceptional.

---

[4]      Callpod contends this case is not exceptional because Defendants will not be able to prove by clear and convincing evidence that Callpod's infringement claim was objectively baseless and brought in subjective bad faith.  *See, e.g., Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

[5]      Defendants' proposed schedule flip flops the proper Section 285 analysis by having the parties first confer on the amount of fees, an issue that need not be considered unless this Court first finds that this case is exceptional and that an award of fees is justified.

As discussed above, when considering a Section 285 motion, this Court must engage in a two-step process, first determining whether there is clear and convincing evidence that this case is exceptional, and then if so, determining in this Court's discretion whether an award of fees is justified. *See, e.g., Revolution Eyewear*, 563 F.3d at 1372-73. Only if this Court determines that this case is exceptional and that in its discretion that an award of fees is justified do the parties need to confer on and this Court resolve specific disputes as to the amount of those fees.[6] Because Defendants' proposed schedule does not follow the proper two-step analysis, this Court should reject it. Instead, if this Court declines to stay proceedings on Section 285, this Court should enter a briefing schedule limited to the first step of the analysis (whether this case is exceptional), conserving this Court's and the parties' resources by reaching the issue of the amount of fees only if necessary. Callpod proposes the following briefing schedule on the issue of whether this case is exceptional under Section 285:

- Defendants shall file their motion for the Court to declare this case exceptional no later than 14 days after this Court enters judgment on Callpod's infringement claim. *See* Fed. R. Civ. P. 54(d)(2)(B).

- Callpod shall have 21 days to file a response to Defendants' motion.

- Defendants shall have 14 days to file a reply in further support of their motion.

## CONCLUSION

For all of the above reasons, Callpod respectfully requests that this Court enter judgment under Rule 54(b), finding that no just reason exists to delay an appeal as to Callpod's

---

[6]   Indeed, this Court could find that only a portion of this case is exceptional or in its discretion determine that attorneys' fees are justified for only a portion of this case. (This Court could also determine, as Callpod contends, that this case is not exceptional and that Defendants are not entitled to any award of attorneys' fees.) This Court and the parties should not unnecessarily expend their resources conferring on the amount of fees for the entire litigation, and resolving disputes as to those fees, until this Court has determined what portion of this litigation, if any, is even eligible for an award of fees.

infringement claim, and stay further proceedings as to Defendants' invalidity counterclaim pending appeal.  Alternatively, Callpod respectfully requests that this Court dismiss Defendants' invalidity counterclaim without prejudice, which would allow this Court to enter a final judgment and close this case.  Additionally, Callpod requests that this Court deny as premature Defendants' request to suspend the finality of its judgment under Rule 58(e) and that this Court stay proceedings pending appeal on any motion under Section 285 that Defendants may file. Should this Court decline to stay Section 285 proceedings, Callpod requests that this Court reject Defendants' proposed schedule and instead enter Callpod's proposed briefing schedule on whether this case is exceptional under Section 285.

Dated:    June 30, 2010

Respectfully submitted,

By:    */s/ Jessica C. Kaiser*
Russell E. Levine, P.C. (#6193834)
Jessica C. Kaiser (#6286530)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois  60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
russell.levine@kirkland.com
jessica.kaiser@kirkland.com

*Counsel for Plaintiff Callpod, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 30, 2010**, a true and correct copy of the foregoing

document, **REPLY IN FURTHER SUPPORT OF PLAINTIFF CALLPOD, INC.'S**

**MOTION TO DISMISS DEFENDANTS' INVALIDITY COUNTERCLAIM WITHOUT**

**PREJUDICE OR, ALTENATIVELY, FOR ENTRY OF JUDGMENT UNDER RULE**

**54(B)**, was electronically filed with the Court using the CM/ECF system which sent notification

of such filing to the counsel of record identified below.  All documents required to be served by

Fed.R.Civ.P. 5(a) have been served.


Monty Agarwal, Esq.　　　　　　　　Terrence Patrick Canade
**ARNOLD AND PORTER**　　　　　　　　**LOCKE LORD BISSELL & BROOK**
275 Battery Street, 27th Floor　　　　　111 S. Wacker Drive
San Francisco, CA 94111-3305　　　　 Chicago, IL  60606
Monty.Agarwal@aporter.com　　　　　tcanade@lockelord.com




Dated:　**June 30, 2010**　　　　　　　 */s/ Jessica C. Kaiser*
　　　　　　　　　　　　　　　　　　 Jessica C. Kaiser (#6286530)
　　　　　　　　　　　　　　　　　　 KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　 300 North LaSalle
　　　　　　　　　　　　　　　　　　 Chicago, Illinois  60654
　　　　　　　　　　　　　　　　　　 312.862.2000 (Telephone)
　　　　　　　　　　　　　　　　　　 312.862.2200 (Facsimile)
　　　　　　　　　　　　　　　　　　 jessica.kaiser@kirkland.com

　　　　　　　　　　　　　　　　　　 *Counsel for Plaintiff Callpod, Inc.*