# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 6 C 4961 | **DATE** | 8/19/2010 |
| **CASE TITLE** | Callpod, Inc. Vs. GN Netcom, Inc. Et al | | |

**DOCKET ENTRY TEXT**

Callpod's Motion to dismiss defendants invalidity counterclaim without prejudice or, alternatively, for entry of judgment under Rule 54(B) is granted in part; the Court enters judgment pursuant to Rule 54(b) on Callpod's infringement claim.

■ [ For further details see text below.]

Docketing to mail notices.

# STATEMENT

     Following this Court's entry of summary judgment of patent non-infringement in favor of the Defendants, Plaintiff Callpod, Inc. ("Callpod") moves for a dismissal without prejudice of the counterclaim brought by Defendants GN Netcom, Inc., GN Netcom A/S, and Hello Direct, Inc., which seeks a declaratory judgment of the invalidity of the patent at the center of the dispute between the parties, or in the alternative for entry of judgment on Callpod's infringement claim under Rule 54(b). For the reasons set forth below, Callpod's Motion is granted in part; the Court enters judgment pursuant to Rule 54(b) on Callpod's infringement claim.

     When, as is the case here, a district court has adjudicated a patent infringement claim on the merits but left a counterclaim unresolved, the court has three possible ways to allow an immediate appeal from its decision resolving the claim. *See Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003). First, the court can proceed to trial or other resolution of the remaining claim (here, the Court has previously held that disputed issues of material fact preclude a resolution of Defendants' counterclaim short of trial). *See id.* at 1351. Secondly, a district court may dismiss a counterclaim of invalidity without prejudice, "either with or without a finding that the counterclaim was moot," after granting summary judgment on non-infringement grounds. *Id.*; *see also Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004). Finally, the court may "expressly direct the entry of final judgment on fewer than all of the claims" pursuant to Federal Rule of Civil Procedure 54(b). If the court does not take action, the party who seeks to appeal may "seek permission to immediately appeal the interlocutory judgments and orders," but such permission is "rarely granted." *Nystrom*, 339 F.3d at 1351.

     Callpod urges the Court to take the second path, and dismiss Defendants' invalidity counterclaim without prejudice until the resolution of their planned appeal from the Court's grant of summary judgment for

**STATEMENT**

Defendants on Callpod's infringement claim. Dismissal without prejudice is common in such circumstances. *See, e.g., Von Holdt v. A-1 Tool Corp.*, ___ F. Supp. 2d ___, 2010 WL 1980101 (N.D. Ill. May 17, 2010); *Kim v. Dawn Food Prods.*, No. 01 C 1906, 2004 WL 2658068 (N.D. Ill. Oct. 13, 2004) (St. Eve., J.). Nevertheless, Defendants argue that dismissal of the counterclaim here would not best serve the interests of judicial economy and an efficient resolution of this litigation.

Alternatively, Callpod seeks the entry of final judgment under Federal Rule of Civil Procedure Rule 54(b) as to Callpod's infringement claim, so that the Court's summary judgment on that claim may be appealed before the resolution of Defendants' counterclaim. A Rule 54(b) judgment may be entered if the Court finds (1) that it has made a final judgment as to that claim and (2) that there is no just reason for delay. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). Defendants implicitly concede in their Response to Callpod's Motion that these criteria are met, as they ask that the Court enter a Rule 54(b) judgment so that their counterclaim may remain pending, although stayed, during Callpod's planned appeal.

Defendants ask that the Court stay entry of that judgment until after the resolution of a planned motion for attorney's fees, so that the Court's determination of that motion may be appealed together with the summary judgment on Callpod's infringement claim. Federal Rule of Civil Procedure 58(e) states that "ordinarily, the entry of judgment may not be delayed," but provides that a timely motion for attorney's fees can serve as a basis for an extension of time for appeal under Federal Rule of Appellate Procedure 4(a)(4). The plain language of the Rule does not permit the Court to delay entry of judgment in order to accommodate a planned motion for attorney's fees, however, but only permits the Court to act under the Rule once "a timely motion for attorney's fees is made." Defendants have not yet filed such a motion, and thus, the Court cannot invoke the provisions of Rule 58(e) in order to delay the entry of a judgment that the Defendants agree should be entered here. Moreover, Defendants' planned motion for attorney's fees will require the Court to determine whether this is an "exceptional case" meriting an award of fees pursuant to 35 U.S.C. § 285. The Court has discretion to consider whether such a motion should be stayed pending the outcome of an appeal on the merits of that case, *see Pharmacia & Upjohn Co. v. Mylan Pharms.*, 182 F.3d 1356, 1360 n.2 (Fed. Cir. 1999), and thus, Defendants' rights to bring such a motion and have it adjudicated by the Court would not be prejudiced even if the entry of judgment is not stayed at this time. Conversely, Callpod's right to appeal this Court's summary judgment be significantly delayed under the schedule that Defendants have proposed judgment—a delay for which Defendants implicitly agree, by their concession that a Rule 54(b) judgment is appropriate, there is no just cause.

As the parties agree that a Rule 54(b) entry of final judgment for the Defendants on Callpod's infringement claim is warranted, the Court enters such a judgment so that Callpod may proceed with its appeal. Proceedings on Defendants' invalidity counterclaim are stayed for the pendency of that appeal. Defendants' request that the entry of judgment be delayed pending resolution of their unfiled motion for attorney's fees is denied.