**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CALLPOD, INC.,** ) | |
| ) | |
| *Plaintiff,* ) | Case Number: 06-CV-4961 |
| ) | |
| v. ) | DISTRICT JUDGE VIRGINIA M. KENDALL |
| ) | |
| **GN NETCOM, INC., GN NETCOM, A/S,** ) | |
| **AND HELLO DIRECT, INC.,** ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**PLAINTIFF CALLPOD, INC.'S MOTION TO STAY PROCEEDINGS AS TO FEES AND COSTS PENDING APPEAL OR, ALTERNATIVELY, FOR ENTRY OF A MODIFIED SCHEDULE FROM THE DEFAULT SCHEDULE IN LOCAL RULE 54.3**

On August 19, 2010, this Court entered judgment under Federal Rule of 54(b) as to Callpod's infringement claim, and Callpod's appeal of this Court's judgment is presently pending before the Federal Circuit. On September 9, 2010, Defendants provided Callpod with Local Rule 54.3 information as to their alleged fees and non-taxable expenses which they intend to seek in an "exceptional case" motion under 35 U.S.C. § 285. As this Court recognized in its August 19, 2010 Opinion, it has discretion to stay such a motion pending an appeal on the merits. (D.I. 352 at 2.) Callpod respectfully requests that this Court exercise that discretion and stay all further proceedings on fees and costs pending appeal. Alternatively, Callpod respectfully requests that this Court enter a modified schedule from the default schedule in Local Rule 54.3 because the default schedule requires the parties to expend considerable resources reviewing years of billing records and resolving disputes about those records before this Court has even considered whether this case is "exceptional."

**ARGUMENT**

**I.	This Court Should Stay Consideration of Fees and Costs Proceedings Pending Appeal.**

On September 9, 2010, Defendants provided Callpod with information as to Defendants' alleged fees and non-taxable expenses that it plans to seek through a Section 285 motion. 35 U.S.C. § 285 states that the district court "in exceptional cases may award reasonable attorney fees to the prevailing party." The Federal Circuit has held that determination of whether to award fees under Section 285 is a two-step process: "(1) the district court must determine whether there is clear and convincing evidence that a case is exceptional," and (2) "if so, the district court must then determine in its discretion whether an award of attorney fees is justified." *See, e.g.*, *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1372-73 (Fed. Cir. 2009).

As this Court recognized in its opinion entering the Rule 54(b) judgment, it "has discretion to consider whether such a motion should be stayed pending the outcome of an appeal on the merits." D.I. 352 at 2 (citing *Pharmacia & Upjohn Co. v. Mylan Pharms.*, 182 F.3d 1356, 1360 n.2 (Fed. Cir. 1999)); *see also* Notes of Advisory Committee on 1993 Amendments to Rule 58 ("[I]f the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved."); *Astrazeneca AB v. Mutual Pharm. Co., Inc.*, No. Civ. A. 00-4731, 2003 WL 22794868, at *2 (E.D. Pa. Nov. 12, 2003) (holding that because the district court's "determination of whether this is an exceptional case will depend, in part, on the outcome of the appeal that is likely in this case, it is within [the district court's] discretion to stay the issue of attorney's fees until such appeals are complete"). In this case, this Court should exercise its discretion and stay all further proceedings as to fees and costs.

Defendants' not-yet-filed Section 285 motion will involve issues that are likely to be considered by the Federal Circuit on appeal, and the Federal Circuit's decision on those issues could affect this Court's determination of whether this case is exceptional or in its discretion an award of fees is justified. In addition, litigating the Section 285 issues will require significant resources of this Court and the parties. The parties would first need to brief, and this Court would need to determine, whether this case is exceptional.[1] Should this Court find the case exceptional and determine in its discretion that some award of fees is justified, the parties would then need to brief, and this Court would need to resolve, disputes as to the propriety of Defendants' requested fees. Based on an initial review of the hundreds of pages of information that Defendants recently provided under Local Rule 54.3, such disputes will likely be numerous; as an example, Defendants apparently intend to seek fees that they incurred in an *entirely separate case* before the International Trade Commission. Since the Federal Circuit's decision on appeal could materially affect this Court's Section 285 analysis, this Court should conserve its and the parties' resources by waiting to resolve those issues until after appeal of the non-infringement determination.

Additionally, under Local Rule 54.1(a), this Court can extend the time for filing a bill of costs. This Court should stay proceedings on any bill of costs that Defendants may file, and set the time for filing such a bill of costs to 30 days after this Court enters a final judgment on all claims, including Defendants' counterclaim which is presently stayed, following resolution of the appeal. *See, e.g., Kaw v. Sch. Bd. of Hillsborough Co., Fla.*, No. 8:07-cv-2222-T-33TGW, 2010 WL 2293193, at *1 (M.D. Fla. June 8, 2010) (holding that a district court has discretion to

---

[1] Callpod contends this case is not exceptional because Defendants will not be able to prove by clear and convincing evidence that Callpod's infringement claim was objectively baseless and brought in subjective bad faith. *See, e.g.*, *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

3

stay resolution of objections to a bill of costs and any award of such costs until after appeal). In sum, Callpod respectfully requests that this Court stay all fees and costs proceedings in this case pending appeal.

## II. If This Court Decides Not to Stay Fees and Costs Proceedings, It Should Set a Briefing Schedule Limited to the Issue of Whether this Case is Exceptional.

Defendants have provided information to Callpod under Local Rule 54.3(d)(1)-(4) on their alleged fees and non-taxable expenses. Although that Rule provides a default schedule related to filing a motion for fees (including meet and confer obligations as to the amount of fees), it states that "[t]he court may on motion filed pursuant to this section, or on its own initiative, modify any time schedule provided for by this rule." Local Rule 54.3. If this Court does not stay fees and costs proceedings, this Court should enter an alternate schedule under Local Rule 54.3 because following the default schedule in that rule would require the parties to expend considerable resources reviewing years of billing records before this Court has even considered whether this case is exceptional.

As discussed above, when considering a Section 285 motion, this Court must engage in a two-step process, first determining whether there is clear and convincing evidence that this case is exceptional, and then if so, determining in this Court's discretion whether an award of fees is justified. *See, e.g.*, *Revolution Eyewear*, 563 F.3d at 1372-73. Only if this Court determines that this case is exceptional and that in its discretion that an award of fees is justified do the parties need to confer on and this Court resolve specific disputes as to the amount of those fees.[2] The default schedule in Local Rule 54.3 does not follow the Section 285 two-step analysis, and this

---

[2] Indeed, this Court could find that only a portion of this case is exceptional or in its discretion determine that attorneys' fees are justified for only a portion of this case. (This Court could also determine, as Callpod contends, that this case is not exceptional and that Defendants are not entitled to any award of attorneys' fees.) This Court and the parties should not unnecessarily expend their resources conferring on the amount of fees for the entire litigation, and resolving disputes as to those fees, until this Court has determined what portion of this litigation, if any, is even eligible for an award of fees.

4

Court should modify it. If this Court declines to stay fees and costs proceedings, it should enter a briefing schedule limited to the first step of the analysis (whether this case is exceptional), conserving this Court's and the parties' resources by reaching the issue of the amount of fees only if necessary. Callpod proposes the following briefing schedule on the issue of whether this case is exceptional under Section 285:

- Defendants shall file their motion for the Court to declare this case exceptional no later than 14 days after this Court enters the revised schedule under Local Rule 54.3. *See* Fed. R. Civ. P. 54(d)(2)(B).
- Callpod shall have 21 days to file a response to Defendants' motion.
- Defendants shall have 14 days to file a reply in further support of their motion.

## CONCLUSION

For all of the above reasons, Callpod requests that this Court stay fees and costs proceedings pending appeal. Should this Court decline to stay fees and costs proceedings, Callpod requests that this Court enter Callpod's proposed briefing schedule on whether this case is exceptional under Section 285.

Dated: September 10, 2010

Respectfully submitted,

By: */s/ Jessica C. Kaiser*
Russell E. Levine, P.C. (#6193834)
Jessica C. Kaiser (#6286530)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
russell.levine@kirkland.com
jessica.kaiser@kirkland.com

*Counsel for Plaintiff Callpod, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on **September 10, 2010**, a true and correct copy of the foregoing document, **PLAINTIFF CALLPOD, INC.'S MOTION TO STAY FEES AND COSTS PROCEEDINGS PENDING APPEAL OR, ALTERNATIVELY, FOR ENTRY OF A MODIFIED SCHEDULE FROM THE DEFAULT SCHEDULE IN LOCAL RULE 54.3**, was electronically filed with the Court using the CM/ECF system which sent notification of such filing to the counsel of record identified below. All documents required to be served by Fed.R.Civ.P. 5(a) have been served.

| | |
|---|---|
| Monty Agarwal, Esq. | Terrence Patrick Canade |
| **ARNOLD AND PORTER** | **LOCKE LORD BISSELL & BROOK** |
| One Embarcadero Center, 22nd Floor | 111 S. Wacker Drive |
| San Francisco, CA 94111 | Chicago, IL 60606 |
| Monty.Agarwal@aporter.com | tcanade@lockelord.com |

Dated: **September 10, 2010**

*/s/ Jessica C. Kaiser*
Jessica C. Kaiser (#6286530)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
jessica.kaiser@kirkland.com

*Counsel for Plaintiff Callpod, Inc.*