UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALLPOD, INC.,<br><br>    *Plaintiff,*<br><br>    v.<br><br>GN NETCOM, INC., GN NETCOM, A/S, AND HELLO DIRECT, INC.,<br><br>    *Defendants.* | Case Number: 06-CV-4961<br><br>DISTRICT JUDGE VIRGINIA M. KENDALL |

**REPLY IN FURTHER SUPPORT OF PLAINTIFF CALLPOD, INC.'S MOTION TO STAY PROCEEDINGS AS TO FEES AND COSTS PENDING APPEAL OR, ALTERNATIVELY, FOR ENTRY OF A MODIFIED SCHEDULE FROM THE DEFAULT SCHEDULE IN LOCAL RULE 54.3**

In their opposition to Callpod's motion to stay, Defendants do not dispute that this Court has discretion to stay proceedings as to fees and costs in this case, and they do not oppose postponing briefing on whether this case is "exceptional" under 35 U.S.C. § 285 until after the appeal has been resolved. Defendants' request to proceed on the remaining issues now appears to be an attempt to force Callpod to unnecessarily deal with costs and fees issues at the same time it is pursuing its appeal. Therefore, Callpod respectfully requests that the Court grant Callpod's motion to stay proceedings as to costs and fees pending appeal.[1]

---

[1] Because Defendants agree that the issue of whether this case is "exceptional" should be stayed pending appeal, it appears that the alternate schedule that Callpod proposed in its motion is presently unnecessary. Nevertheless, should the Court decide not to stay Section 285 proceedings, Callpod respectfully requests that the Court adopt Callpod's proposed schedule which addresses the issue of whether the case is exceptional before the parties meet and confer on the amount of fees. Callpod also notes that the schedule it proposed in its motion is identical to the schedule it previously proposed in briefing its motion to dismiss Defendants' counterclaim, and so is not a surprise to Defendants. (*See* D.I. 350.)

**ARGUMENT**

I.  **Further Proceedings on Fees Should Be Stayed Because Defendants Do Not Object to Resolving the Issue of Whether this Case Is Exceptional Until After Appeal.**

Defendants concede that they "do not object to postponing briefing on the issue of whether the case is 'exceptional' under 35 U.S.C. § 285 pending the appeal." (D.I. 360 at 1.) Defendants also appear not to dispute that this Court has discretion to stay consideration of Section 285 issues pending appeal and that this Court can modify the default schedule set out in the local rule. Local Rule 54.3 ("The court may on motion filed pursuant to this section, or on its own initiative, modify any time schedule provided for by this rule."). Inexplicably, however, Defendants seek to have the parties engage in a meet and confer process on the amount of fees outlined in the local rule, exchanging years worth of billing records and identifying disputes as to those records, during the pendency of the appeal.[2]  Attorneys' fees in patent cases are ***not*** awarded to the prevailing party as a matter of course. Instead, those fees are awarded only in "exceptional" cases, and even then, only if the district court determines that in its discretion, an aware of fees is justified. *See, e.g.*, *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1372-73 (Fed. Cir. 2009).

Since Defendants do not object to staying the "exceptional case" determination, this Court should stay Section 285 issues in their entirety. As Callpod explained in its motion, Defendants have provided Callpod with hundreds of pages of information under Local Rule 54.3.[3] In its initial review, Callpod identified one obvious area of likely dispute—Defendants'

---

[2]  Defendants' assertion that Callpod is not diligently pursuing its appeal is incorrect. Callpod filed its required initial pleadings with the Federal Circuit including the docketing statement, appearances, and certificate of interest, on September 15, 2010.

[3]  Defendants were not required to provide Callpod with Local Rule 54.3 information within 21 days of the judgment as they claim (D.I. 360 at 1), but could have moved the Court to modify the schedule under that rule as Callpod has done.

inclusion in that information of their billing records for the separate ITC case between the parties[4]—but a detailed review of the hundreds of pages of documents that Defendants have provided will undoubtedly uncover additional areas of dispute. Since Defendants have agreed to wait until after appeal to pursue the issue of whether this case is "exceptional," conferring on the amount of fees now would unnecessarily waste the parties' resources (and to the extent Defendants intend to approach this Court to resolve those disputes during the appeal, it would waste this Court's resources as well). This Court should grant Callpod's motion and stay all Section 285 proceedings.

## II.     Proceedings on Costs Should Also Be Stayed.

Defendants do not dispute that this Court has discretion to stay consideration of costs. The rationale for staying proceedings on costs is the same as for staying proceedings on fees. Deciding costs issues in a piecemeal fashion before the appeal is decided would unnecessarily expend the Court's and the parties' resources. Instead, this Court and the parties should conserve their resources resolving disputes as to whether the items in Defendants' not-yet-filed bill of costs are properly taxable, only if necessary following appeal. Accordingly, this Court should stay proceedings on costs.

In opposing a stay of these issues, Defendants assert that "there is no authority for requiring Defendants to wait to file their bill of costs until after appeal." (D.I. 360 at 3.) Callpod, however, never requested that Defendants be precluded from filing a bill of costs.

---

[4]     Defendants cite a district court case from the District of Colorado in support of their claim they are entitled to fees in an entirely separate ITC matter. (D.I. 360 at 2-3 (citing *Climax Molybdenum Co. v. Molychem, LLC*, No. 02-cv-00311-RPM, 2007 WL 3256698 (D. Col. Nov. 1, 2007).) That case, however, involved an entirely different procedural history than what occurred here. In *Climax*, the patentee pursued a separate ITC case through an initial determination by the ALJ and review by the full commission which resulted in a finding that the asserted patent was invalid and unenforceable. *Climax*, 2007 WL 3256698, at *11-12. After the stay was lifted in the district court case, the patentee insisted on trying the case again before the district court, and the district court also found the patent invalid and unenforceable. *Id.* at *19. In this case, by contrast, the ITC granted Callpod's motion to voluntarily withdraw its ITC action without prejudice, before the ALJ ever made any substantive rulings on claim construction or infringement. (*See* D.I. 47 at 3.) Thus, *Climax* is inapposite.

3

Rather, in its motion, Callpod requested that this Court extend the time for filing a bill of costs under Local Rule 54.1(a) and stay proceedings on any bill of costs that Defendants may file. (D.I. 357 at 3.) If Defendants choose to file their bill of costs earlier than the deadline set— Callpod in its motion proposed 30 days after this Court enters a final judgment on all claims, including Defendants' counterclaim which is presently stayed—further proceedings, such as filing objections to that bill and resolving such objections, should be stayed.[5]

## CONCLUSION

For all of the above reasons, Callpod requests that this Court stay fees and costs proceedings pending appeal.

Dated: September 15, 2010

Respectfully submitted,

By: */s/ Jessica C. Kaiser*
Russell E. Levine, P.C. (#6193834)
Jessica C. Kaiser (#6286530)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
russell.levine@kirkland.com
jessica.kaiser@kirkland.com

*Counsel for Plaintiff Callpod, Inc.*

---

[5] As Defendants' opposition makes clear, if this Court does not stay proceedings on costs, Callpod could seek a stay of the enforcement of an award of costs, an additional issue on which the Court and the parties would need to expend resources. (D.I 360 at 3.)

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 15, 2010**, a true and correct copy of the foregoing document, **REPLY IN FURTHER SUPPORT OF PLAINTIFF CALLPOD, INC.'S MOTION TO STAY PROCEEDINGS AS TO FEES AND COSTS PENDING APPEAL OR, ALTERNATIVELY, FOR ENTRY OF A MODIFIED SCHEDULE FROM THE DEFAULT SCHEDULE IN LOCAL RULE 54.3**, was electronically filed with the Court using the CM/ECF system which sent notification of such filing to the counsel of record identified below. All documents required to be served by Fed.R.Civ.P. 5(a) have been served.

| | |
|---|---|
| Monty Agarwal, Esq.<br>Rachel L. Chanin<br>**ARNOLD AND PORTER**<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>Monty.Agarwal@aporter.com<br>Rachel.Chanin@aporter.com | Terrence Patrick Canade<br>**LOCKE LORD BISSELL & BROOK**<br>111 S. Wacker Drive<br>Chicago, IL 60606<br>tcanade@lockelord.com |

Dated: **September 15, 2010**

*/s/ Jessica C. Kaiser*
Jessica C. Kaiser (#6286530)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
312.862.2000 (Telephone)
312.862.2200 (Facsimile)
jessica.kaiser@kirkland.com

*Counsel for Plaintiff Callpod, Inc.*