## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 6 C 4961 | **DATE** | 11/1/2010 |
| **CASE TITLE** | Callpod, Inc. Vs. GN Netcome, Inc. Et al | | |

**DOCKET ENTRY TEXT**

For the reasons discussed above, the Court grants in part and denies in part Callpod's Motion to Stay. The Court grants Callpod's Motion as to attorney fees. All proceedings relating to attorney fees is stayed pending appeal. Specifically, compliance with Local Rule 54.3 is stayed pending the Court's ruling on whether this is an exceptional case. The Court denies Callpod's Motion as to costs and orders Callpod to file any objections to the Defendant's Bill of Costs on November 15, 2010.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff Callpod, Inc. ("Callpod") sued Defendants GN Netcom, Inc., GN Netcom A/S, and Hello Direct, Inc. (collectively "the Defendants") alleging direct and indirect infringement of United States Patent No. 6,801,611 ("the '611 patent"). The Defendants counterclaimed seeking a declaratory judgment of invalidity of the '611 patent. On March 29, 2010, the Court granted the Defendants' Motion for Summary Judgment of Noninfringement of the '611 Patent and denied the Defendants' Motion for Summary Judgment of Invalidity of the '611 Patent. (*See* R. 331 at 37.) On August 19, 2010, pursuant to Federal Rule of Civil Procedure 54(b), the Court granted Callpod's Motion for Entry of Final Judgment in favor of the Defendants as to Callpod's infringement claim to allow Callpod to proceed with its appeal of that issue. (*See* R. 352 at 2.) In the same Order, the Court stayed all proceedings on the Defendants' invalidity counterclaim for the pendency of the appeal. (*Id*.) Callpod appealed the infringement issue to the Federal Circuit on August 20, 2010 and then moved this Court to stay proceedings as to fees and costs pending appeal or, alternatively, for entry of a modified schedule from the default schedule set forth in Northern District of Illinois Local Rule 54.3. On September 20, 2010, the Defendants filed their Bill of Costs. For the reasons set forth below, the Court grants in part and denies in part Callpod's Motion.

The Court first addresses Callpod's argument as to attorney fees. In a patent infringement case, "the court may award reasonable attorney fees to the prevailing party" in "exceptional cases." 35 U.S.C. § 285. An exceptional case typically includes "some material, inappropriate conduct related to the matter in litigation, such as willful infringement." *Revolutionary Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1372 (Fed. Cir. 2009). In determining whether a case is exceptional and eligible for an award of attorney fees under § 285, the Court engages in a two-step process. *Id*. First, the Court "must determine whether there is clear and convincing evidence that a case is exceptional . . . ." *Id*. If so, the Court "must then determine in its discretion whether an award of attorney fees is justified . . . ." *Id*. at 1372-73. Section 285 places no procedural limitations on the Court's ability to make such an award, provided it has jurisdiction over the case. *See Fort James Corp. v. Solo*

**STATEMENT**

*Cup Co.*, 412 F.3d 1340, 1349 n.3 (Fed. Cir. 2005).

Local Rule 54.3 governs the procedure for filing a motion for attorney fees in the Northern District of Illinois. Among other things, Local Rule 54.3 requires the parties to "confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." L.R. 54.3(d). While "attempt[ing] to agree," the parties are required to exchange certain information. L.R. 54.3(d). Specifically, the movant—the party intending to file the fee motion—must provide the respondent with all time and work records and specify the hours for which compensation will be sought, the hourly rates claimed, and evidence supporting any related nontaxable expenses. *See* L.R. 54.3(d)(1)-(3). If no agreement can be reached after the movant provides this information, the respondent is required to disclose its total amount of attorney fees paid and must provide additional information relating to any matters that remain in dispute. *See* L.R. 54.3(d)(5).

Here, the Defendants acknowledge that the determination of whether to grant attorney fees is a two-step process and they do not object to Callpod's motion to stay pending appeal briefing on whether this is an exceptional case. (*See* R. 360, Defs' Resp. at 1.) Thus, the only issue is whether the Court should also stay pending appeal Callpod's obligations under Local Rule 54.3(d). Callpod contends that conferring on the amount of fees before the Federal Circuit's decision would be a waste of the Court's and the parties' resources. (R. 357, Callpod Mot. To Stay at 3.) While the Court acknowledges the fact that the Defendants have already complied with their obligations under Local Rule 54.3(d) and that Callpod may be exaggerating the burden that compliance with the Local Rule would impose at this point in the litigation, the Court nonetheless concludes that until it determines whether the case is exceptional, any work as to the amount of fees is premature. *See Sun-Tek Indus., Inc. v. Kennedy sky Lites, Inc.*, 929 F.2d 676, 678 (Fed. Cir. 1991) ("Once an exceptional case is found, the court *then* has discretion to determine whether or not reasonable attorney fees should be granted.") Thus, the Court grants Callpod's Motion to stay pending appeal all further proceedings as to attorney fees, including the parties' obligations under Local Rule 54.3. *See, e.g.*, *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1360 n.2. (Fed. Cir. 1999) (acknowledging that the district court "may wish to consider staying consideration whether this is an exceptional case until" the Federal Circuit reviewed another district court's judgment that the plaintiff engaged in inequitable conduct); *see also* L.R. 54.3 ("The court may on motion filed pursuant to this section, or on its own initiative, modify any time schedule provided for by this rule.").

Callpod also asserts that resolving issues relating to costs "in a piecemeal fashion before the appeal is decided would unnecessarily expend the Court's and the parties' resources." (R. 361, Callpod Reply at 3.) Federal Rule of Civil Procedure 54(d)(1) provides, in part, that "costs, other than attorney's fees, should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a strong presumption under Rule 54(d)(1) that the prevailing party will recover costs. *See Weeks v. Samsung*, 126 F.3d 926, 944-45 (7th Cir. 1997).

Here, the Defendants are the "prevailing party"—the Court granted summary judgment of noninfringement in their favor—and the Defendants have filed a Bill of Costs seeking $372,647.26. Unlike an award of attorney fees in this case, the Court does not have to make any additional threshold findings before it awards costs to the prevailing party. All that is required is a determination that the costs are supported by the record and that they are reasonable. *See, e.g.*, *Aebishcher v. Stryker Corp.*, No. 05 C 2121, 2007 WL 1668065, at *4 (C.D. Ill. June 8, 2007) (McCuskey, J.) ("In taxing costs, this court must consider whether the costs requested are recoverable and whether the amount requested is reasonable.") Further, the Court can avoid any "piecemeal" litigation by ruling on this issue "as expeditiously as possible." *See Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir. 1980). If the Court rules on the costs issue when the appeal is pending, "the ruling may then be appealed and consolidated with the appeal on the merits." *Aebishcher*, 2007 WL 1668065, at *2 (ruling on the

## STATEMENT

prevailing party's bill of costs, even though an appeal on the merits was pending). Thus, the Court denies Callpod's Motion as to costs.

For the reasons discussed above, the Court grants in part and denies in part Callpod's Motion to Stay. The Court grants Callpod's Motion as to attorney fees. All proceedings relating to attorney fees is stayed pending appeal. Specifically, compliance with Local Rule 54.3 is stayed pending the Court's ruling on whether this is an exceptional case. The Court denies Callpod's Motion as to costs and orders Callpod to file any objections to the Defendant's Bill of Costs on November 15, 2010.